**David E. GEORGE, Plaintiff–Appellant,**

v.

**Reece Nelson McCLURE, Defendant–Appellee.**

**No. 03–1315.**

United States Court of Appeals, Fourth Circuit.

Argued Dec. 3, 2003.

Decided Feb. 25, 2004.

**ARGUED:** Ellis Branch Drew, III, Wells, Jenkins, Lucas & Jenkins, P.L.L.C., Winston–Salem, North Carolina, for Appellant. Amiel J. Rossabi, Forman Rossabi Black, P.A., Greensboro, North Carolina, for Appellee. **ON BRIEF:** William F. Patterson, Jr., Forman Rossabi Black, P.A., Greensboro, North Carolina, for Appellee.

Before MICHAEL, TRAXLER, and SHEDD, Circuit Judges.

Affirmed by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM.

The plaintiff, David E. George, appeals the district court's award of summary

judgment in favor of the defendant, Reece Nelson McClure, in George's civil action alleging that McClure fraudulently obtained a favorable settlement in George's state court suit against McClure. We affirm.

George and McClure were long-time associates in an interior design business. George believed that McClure siphoned funds away from the business shortly after it received a large contract to redesign the headquarters of Brown & Williamson Tobacco Company in Louisville, Kentucky. As a result, George sued McClure in North Carolina state court. The state suit was dismissed with prejudice after the parties settled it during a court-ordered mediation. In the later federal case, now on appeal to us, George alleges that he was induced to settle because McClure and his lawyer made fraudulent misrepresentations in the state court mediation conference, including that the Brown & Williamson contract had been cancelled. George can succeed on his claims in federal court only if he can collaterally attack the state court judgment. The district court granted summary judgment to McClure because the fraud George alleged was intrinsic, and under North Carolina law, the state court judgment could only be collaterally attacked on the basis of extrinsic fraud.

We first reject George's arguments that McClure was collaterally estopped from seeking summary judgment. Although the district court had previously denied McClure's Rule 12(b)(6) motion to dismiss, that motion did not raise (and the district court did not address) the intrinsic fraud issue. In addition, McClure's 12(b)(6) motion was not converted into a motion for summary judgment because the district court confined its ruling to the pleadings, disregarding the additional materials submitted by the parties. *See Finley Lines Joint Protective Bd. v. Norfolk S. Corp.,* 109 F.3d 993, 995–96 (4th Cir.1997). Finally, McClure never conceded that summary judgment on the intrinsic fraud issue would be inappropriate.

On the merits of the appeal, after considering the joint appendix, the parties' briefs and the oral arguments of counsel, we are persuaded that the district court reached the correct result. Accordingly, we affirm on the reasoning of the district court. *See George v. McClure,* Civ. No. 1:00CV00952, 245 F.Supp.2d 735 (M.D.N.C. Feb. 10, 2003).

*AFFIRMED.*